[For subsequent proceedings, see Case No. 14,023.]

## Case No. 14,023.

### TIBBS et al. v. PARROTT.

[1 Cranch, C. C. 313.] [1]

Circuit Court, District of Columbia. June Term, 1806.

PLEADING AT LAW—PROOF OF PARTNERSHIP.

In an action for goods sold by Tibbs & Company, the plaintiffs must prove themselves to be the firm of Tibbs & Company.

[Cited in Addison v. Duckett, Case No. 77; Woodward v. Sutton, Id. 18,009.]

Assumpsit for goods sold and delivered. [For former proceedings, see Case No. 14,-022.] On the trial of the issue of non assumpsit, Mr. Mason, for defendant, moved the court to instruct the jury that they must be satisfied that the contract was made with the plaintiffs, William P. Tibbs and Thomas Blanc. The deposition of the only witness on the part of the plaintiffs, says the goods were sold for and on account of William P. Tibbs and Company.

Mr. Jones, for plaintiffs, contended that it is not necessary for the plaintiffs to prove themselves to be partners, unless upon a plea in abatement.

THE COURT stopped Mr. Mason in reply, and said the law is too plain to require further argument. The plaintiffs must satisfy the jury that the contract was made between the plaintiffs and defendant. The deposition having only stated that the goods were sold by William P. Tibbs & Company, the jury must be satisfied by evidence that the house of William P. Tibbs & Company, consists of the plaintiffs, William P. Tibbs and Thomas Blanc. The plaintiffs took a bill of exceptions.

Verdict for defendant. New trial granted, on the ground of surprise, that the court should require such evidence. See the case of Woodward v. Sutton [Case No. 18,009], at Alexandria, November term, 1806.

TIBER, The (McCORD v.). See Case No. 8,-715.

TICKNOR (PARET v.). See Case No. 10,711.

TIDDEMAN (JELLY v.). See Case No. 7,-256a.

---

[1] [Reported by Hon. William Cranch, Chief Judge.]